LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs, and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| ADAM SARR, *on behalf of herself,* *FLSA Collective Plaintiffs*, *and the Class,* | Case No.: |
| Plaintiff, | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| v. | Jury Trial Demanded |
| VEP ASSOCIATES LLC d/b/a AMERICAN FIRE AND SECURITY, and ROMAN PYATETSKY, | |
| Defendants. | |

---

Plaintiff, ADAM SARR ("Plaintiff"), on behalf of herself and others similarly situated, by and through her undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, VEP ASSOCIATES LLC d/b/a AMERICAN FIRE AND SECURITY ("Corporate Defendant"), and ROMAN PYATETSKY ("Individual Defendant," and collectively with the Corporate Defendant, the "Defendants"), and states as follows:

**INTRODUCTION**

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), that she and others similarly situated are entitled to recover from

1

Defendants: (1) unpaid overtime due to time shaving; (2) liquidated damages; and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), she and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime due to time shaving; (2) statutory penalties; (3) liquidated damages; and (4) attorneys' fees and costs.

3. Plaintiff additionally alleges that, pursuant to the Internal Revenue Code, 26 U.S.C. § 7434, he and others similarly situated are entitled to damages and fees and costs in this matter because Defendants willfully filed fraudulent tax information forms with the Internal Revenue Service ("IRS").

4. Plaintiff further alleges that Defendants breached their contract with Plaintiff and Class Members by failing to pay employer payroll taxes for Plaintiff and Class Members, as required by the Federal Insurance Contribution Act ("FICA"). Plaintiff also alleges that, in retaining these sums for themselves, Defendants unjustly enriched themselves at the expense of Plaintiff and Class Members.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391.

## PARTIES

7. Plaintiff, ADAM SARR, for all relevant time periods, was a resident of Westchester County, New York.

8. Defendants operate a security company that provide service to various residentials and commercial properties in New York City. Defendants operate hundreds of job sites throughout NYC. All employees are paid by Defendants regardless of which job site they work. All job sites have a centralized HR department and have the same employment policies through the same employment handbook. Defendants would assign Plaintiff, FLSA Collective Plaintiffs, and Class Members to various sites throughout NYC.

9. Corporate Defendant VEP ASSOCIATES LLC d/b/a AMERICAN FIRE AND SECURITY is a domestic limited liability company organized under the laws of the State of New York with a principal place of business and an address for service of process located at 726 Gerald Court, Brooklyn, NY 11235.

10. Individual Defendant ROMAN PYATETSKY is the Owner and Partner of Corporate Defendant and has operational control of Corporate Defendant. Individual Defendant ROMAN PYATETSKY exercises the power to, and also delegates to managers and supervisors the power to: (i) fire and hire employees; (ii) supervise and control employee work schedules; (iii) determine the rate and method of pay; (iv) maintain employment records; and (v) otherwise affect the quality, terms and conditions of employment for Plaintiff, FLSA Collective Plaintiffs, and Class Members of Corporate Defendant. Individual Defendant ROMAN PYATETSKY has authority over all employee-related decisions, including payroll, personnel, and wage and hour policies concerning Plaintiff, FLSA Collective Plaintiffs, and Class Members. Individual Defendant ROMAN PYATETSKY additionally exercises the authority to fire and hire, supervise and control work schedules, determine rate and method of pay, maintain employment records, and otherwise affect the terms and conditions of employment for managerial employees who directly supervise Plaintiff, FLSA Collective Plaintiffs, and Class Members. Individual Defendant

ROMAN PYATETSKY ensures that managers implement Defendants' employment policies and pay practices and directs employees to effectively complete their job duties so that Corporate Defendant is operating efficiently and profitably.

11. At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and NYLL and the regulations thereunder.

12. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class Members were directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including, but not limited to security professionals, fire guards, and nightlife security/bouncers among others, employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

14. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay overtime due to time shaving. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

15. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action,

their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS

16. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including, but not limited to security professionals, fire guards, and nightlife security/bouncers among others, employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (the "Class Period").

17. All said persons, including Plaintiff, are referred to herein as the "Class." The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

18. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

19. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants, as alleged herein, of: (i) failing to pay overtime due to time shaving; (ii)

failing to provide proper wage statements per requirements of the NYLL; and (iii) failing to provide wage and hour notices, at date of hiring and annually, per requirements of the NYLL.

20. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

21. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

22. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual

6

members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

23. Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

24. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiff and Class Members within the meaning of the NYLL;

    b) What were and are the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and the Class Members;

    c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and Class Members for their work;

    d) Whether Defendants properly notified Plaintiff and Class Members of their hourly rate and overtime rate;

e) Whether Defendants paid Plaintiff and Class Members proper wages for all overtime hours;

f) Whether Defendants paid Plaintiff and Class Members the overtime premium at one-and-one-half times their straight time base hourly rates for all hours worked in excess of forty (40) each workweek;

g) Whether Defendants caused time shaving by paying Plaintiff and Class Members only for those hours which they were scheduled to work, rather than for the actual hours that they worked;

h) Whether Defendants provided proper wage statements to Plaintiff and Class Members per requirements of the NYLL; and

i) Whether Defendants provided wage and hour notices to Plaintiff and Class Members, at date of hiring and annually, per requirements of the NYLL.

## STATEMENT OF FACTS

25. In or about July 2021, Plaintiff was hired by Defendants to work as a security professional. During her employment, she was stationed at various buildings ("locations") throughout New York City including: Brooklyn Fare – 75 West End Avenue, New York, NY 10023; Brooklyn Fare - 200 Schermerhorn St, Brooklyn, NY 1120; State & Liberty Clothing Co. – 57 Spring Street, New York, NY 10012; Family Life Academy Middle School – 316 E 165th Street, Bronx, NY 10456; Jouvay Night Club – 147-02 Liberty Avenue, Queens, NY 11435; Amazura – 91-12 144th Place, Queens, NY 11435; and Watermark – 78 South Street Pier 15, New York, NY 10038. Plaintiff's employment with Defendants terminated on April 28, 2022.

26. Throughout her employment with Defendants, Plaintiff worked various schedules for five (5) to six (6) days per week, for a total of forty (40) to sixty-four (64) hours per week. FLSA Collective Plaintiffs and Class Members worked a similar number of hours each week.

27. Throughout her employment with Defendants, Plaintiff was paid at a base hourly rate of eighteen dollars ($18.00) per hour. FLSA Collective Plaintiffs and Class Members were all compensated at similar rates throughout their employment.

28. Throughout her employment with Defendants, Plaintiff was not always paid the overtime premium of one-and-one-half times her regular rate of pay for her hours worked in excess of forty (40) per week due to time shaving, as required under the FLSA and NYLL.

29. Throughout Plaintiff's employment with Defendants, she was not compensated for all overtime hours worked due to Defendants' time shaving policies. Plaintiff was only paid for her scheduled hours. However, Plaintiff had to stay past her scheduled shift because she had to either stay until the location closed; or because her relief was late. Plaintiff would have to stay an extra two (2) hours every day she worked for the location to close, or for her relief to show up. FLSA Collective Plaintiffs and Class Members also suffered similarly from Defendants' illegal policy of time shaving.

30. Throughout Plaintiff's employment with Defendants, there were some locations worked that would pay her off the books in cash. At these locations, Plaintiff would work would have eight (8) hours off the books per week. All these hours would be unpaid overtime. FLSA Collective Plaintiffs and Class Members also suffered similarly from being paid cash off the books.

31. As a result of Defendants paying employees cash at some locations, Defendants failed to provide Plaintiff and Class Members with accurate IRS Forms W-2 for all the tax years of their employment and failed to properly record, account for, and report to the IRS all monies

9

paid to Plaintiff and Class Members. In failing to account for these monies in their IRS filings, Defendants filed fraudulent information in violation of 26 U.S.C. § 7434. Under 26 U.S.C. § 7434(b), Defendants are liable for at least $5,000 to each Class Member for each fraudulent filing, which would have to be at least once a year.

32. In violating the Internal Revenue Code by failing to provide proper W-2 forms, Defendants also breached their contract with Plaintiff and Class Members to pay the employer's share of Social Security and Medicare taxes for each employee.

33. Defendants also unjustly enriched themselves at the expense of Plaintiff and Class Members by retaining monies that should have been remitted to the IRS on Plaintiff's and Class Members' behalf.

34. As a result, Plaintiff and Class Members will either (1) be liable to the IRS for the employer's share of FICA taxes or (2) upon retirement suffer from diminished Social Security and Medicare benefits because they did not pay enough into the system.

35. The employer's share of Social Security taxes is 6.2%. The employer's share of Medicare taxes is 1.45%. Accordingly, Defendants must compensate Plaintiff and each Class member 7.65% of all their earnings from Defendants beginning six (6) years prior to the filing of this Complaint.

36. Even if Defendants could show that they paid some employees a part of their wages in check and filed the appropriate W-2s for those checks, Defendants would remain liable to those employees for failing to pay FICA taxes on the cash portion of their wages.

37. At all relevant times, Defendants never provided Plaintiff with wage notices as required by the NYLL. Similarly, Class Members were never provided with any wage notices.

38. At all relevant times, Defendants did not provide Plaintiff with proper wage statement because they failed to accurately reflect her hours worked, in violation of the NYLL. Similarly, Class members also did not receive proper wage statements that failed to accurately reflect their hours worked.

39. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs and Class Members the proper overtime wages at a rate that is at least one-and-one-half times the regular rate of pay for hours worked in excess of forty (40) hours per workweek, due to time shaving, in violation of the FLSA and NYLL.

40. Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notice to Plaintiff and Class Members as required under the NYLL.

41. Defendants knowingly and willfully operated their business with a policy of not providing proper wages statements to Plaintiff and Class Members as required under the NYLL, as the wage statements did not accurately reflect the number of hours worked by employees.

42. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and the Class, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

43. Plaintiff repeats each and every previous allegation in this Class and Collective Action Complaint as if fully set forth herein.

44. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

45. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

46. At all relevant times, Corporate Defendant had gross annual revenues in excess of $500,000.00.

47. At all relevant times, Defendants had a policy and practice of failing to pay overtime wages to Plaintiff and FLSA Collective Plaintiffs for hours worked in excess of forty (40) per workweek at the proper overtime rate that is at least one-and-one-half times the regular rate of pay.

48. At all relevant times, Defendants had a policy and practice of failing to pay wages to Plaintiff and FLSA Collective Plaintiffs for all overtime hours worked due to time shaving.

49. Records, if any exist, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, Plaintiff will then seek leave of Court to amend this Complaint to set forth the precise amount due.

50. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all overtime hours, when Defendants knew or should have known such was due.

51. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

52. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

53. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime due to time shaving; plus an equal amount as liquidated damages.

54. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

55. Plaintiff repeats each and every previous allegation in this Class and Collective Action Complaint as if fully set forth herein.

56. At all relevant times, Plaintiff and Class Members were employed by Defendants within the meaning of the NYLL §§ 2 and 651.

57. At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and Class Members the full amount of overtime due under the NYLL.

58. Defendants willfully violated the rights of Plaintiff and Class Members by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek due to time shaving.

59. Defendants knowingly and willfully failed to provide wage and hour notices, at the date of hiring and annually thereafter, to Plaintiff and Class Members, as required by NYLL §

195(1).

60. Defendants knowingly and willfully failed to provide proper wage statements to Plaintiff and Class Members with every wage payment, as required by NYLL § 195(3). Defendants provided fraudulent wage statements that failed to accurately reflect the proper compensation owed and hours worked by Plaintiff and Class Members.

61. Due to the Defendants' NYLL violations, Plaintiff and Class Members are entitled to recover from Defendants their unpaid overtime due to time shaving; statutory penalties; reasonable attorneys' fees; and costs and disbursements of the action.

## COUNT III

**CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS UNDER 26 U.S.C. § 7434(a)**
**(brought individually and on behalf of the Class)**

62. Plaintiff repeats each and every previous allegation in this Class and Collective Action Complaint as if fully set forth herein.

63. Under the Internal Revenue Code, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

64. By failing to provide Plaintiff and Class Members with accurate IRS Forms W-2 for all of the tax years during which they were employed by Defendants and failing to properly record, account for, and report to the IRS all monies paid to Plaintiff and the Class as wages, Defendants filed fraudulent information returns with the IRS, in violation of 26 U.S.C. § 7434.

65. Defendants knew they had a legal duty not to misrepresent to the IRS the amount of money they were paying employees. Defendants' actions were willful violations of, or showed reckless disregard for, the provisions of the Internal Revenue Code.

14

66. Pursuant to 26 U.S.C. § 7434(b)(3), Defendants are also liable to Plaintiff for reasonable attorneys' fees.

## COUNT IV

## BREACH OF CONTRACT

**(brought individually and on behalf of the Class)**

67. Plaintiff repeats each and every previous allegation in this Class and Collective Action Complaint as if fully set forth herein.

68. "In New York, all contracts imply a covenant of good faith and fair dealing in the course of performance … This covenant embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract … [T]he duties of good faith and fair dealing … encompass any promises which a reasonable person in the position of the promisee would be justified in understanding were included [in the contract]." *511 W. 232nd Owners Corp. v. Jennifer Realty Co.*, 98 N.Y.2d 144, 153, 773 N.E.2d 496, 500-501, 746 N.Y.S.2d 131, 135-136, 2002 N.Y. LEXIS 1579, *10-11 (2002).

69. When Plaintiff and Class Members accepted offers of employment form Defendants, the parties entered a contract, and the covenant of good faith and fair dealing implicit therein required Defendants to pay Plaintiff and Class Members in accordance with all applicable laws. This involved, *inter alia*, a duty by abide by the Internal Revenue Code and pay all required FICA taxes.

70. Defendants breached this duty when they decided to pay Plaintiff and Class Members in cash and not file proper W-2. As a result, Plaintiff and Class Members lost part of

the benefit of the bargain for which they contracted, suffering a loss in the amount of the FICA taxes that Defendants should have paid on their behalf but did not.

## COUNT V

## UNJUST ENRICHMENT

### (brought individually and on behalf of the Class)

71. Plaintiff repeats each and every previous allegation in this Class and Collective Action Complaint as if fully set forth herein.

72. To state a claim for unjust enrichment, a plaintiff must allege that: "(1) the [defendant] was enriched, (2) at [plaintiff's] expense, and (3) that it is against equity and good conscience to permit the [defendant] to retain what is sought to be recovered." *Georgia Malone & Co., Inc. v Rieder*, 19 NY3d 511, 516, 973 NE2d 743, 950 NYS2d 333 (2012) (internal quotations omitted).

73. Defendants were unjustly enriched when they kept for themselves money that should have been paid to the Internal Revenue Service as Defendants' employer FICA contribution. Such came at the expense of Plaintiff and Class Members because they will either (1) be liable to the IRS for the employer's share or (2) upon retirement suffer from diminished Social Security and Medicare benefits because they did not pay enough into the system.

74. Accordingly, all sums that Defendants should have paid to the IRS should be disgorged from Defendants and transferred to Plaintiff and Class Members.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself, FLSA Collective Plaintiffs, and Class Members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c. An award of unpaid overtime compensation due to time shaving;

d. An award of unpaid overtime compensation at the proper rate of one-and-one-half times the regular rate of pay for hours worked in excess of forty (40) per workweek, due under the FLSA and NYLL;

e. Contractual damages for Defendants' failure to keep their promise to abide by the Internal Revenue Code and fund Plaintiff's and Class Members' retirement through FICA contributions;

f. Disgorgement from Defendants of all illegally retained sums that should have gone into FICA contributions;

g. An award of statutory penalties as a result of Defendants' failure to comply with wage notice and wage statement requirements;

h. An award of liquidated damages as a result of Defendants' willful failure to pay the proper overtime wages, pursuant to the FLSA and/or NYLL;

i. An award of pre-judgment and post-judgment interest, costs, and expenses of this action, together with reasonable attorneys' and expert fees;

j. Designation of Plaintiff as Representatives of the FLSA Collective Plaintiffs;

k. Designation of this action as a class action pursuant to F.R.C.P. 23;

l. Designation of Plaintiff as Representatives of the Class; and

m. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: July 26, 2022

                                            Respectfully submitted,
                                            By:  */s/ C.K. Lee*
                                                   C.K. Lee, Esq.

                                            LEE LITIGATION GROUP, PLLC
                                            C.K. Lee (CL 4086)
                                            Anne Seelig (AS 3976)
                                            148 West 24th Street, 8th Floor
                                            New York, NY 10011
                                            Tel.: 212-465-1188
                                            Fax: 212-465-1181
                                            *Attorneys for Plaintiff,*
                                            *FLSA Collective Plaintiffs, and the Class*