UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
ADAM SARR, *individually and on*
*behalf of others similarly situated*,

                      Plaintiff,

        -against-

VEP ASSOCIATES LLC (d/b/a AMERICAN FIRE AND SECURITY), and ROMAN PYATETSKY,

                      Defendants.
-------------------------------------------------------------------- x

<u>REPORT AND RECOMMENDATION</u>

22-CV-4386 (ENV)(MMH)

**MARCIA M. HENRY**, United States Magistrate Judge:

      Plaintiff Adam Sarr brings this wage and hour action against VEP Associates (d/b/a American Fire and Security) ("VEP") and Roman Pyatetsky, alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA"), the New York Labor Law, Art. 6, §§ 1 *et seq.* (the "NYLL"), and the Internal Revenue Code, 26 U.S.C. § 7434, as well as common law breach of contract and unjust enrichment claims. (*See generally* Compl., ECF No. 1.)[1]  Before the Court is Plaintiff's motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) and Local Civil Rule 55.2(b). (*See generally* Mot., ECF No. 18.) The Honorable Eric N. Vitaliano referred the motion for report and recommendation.

      For the reasons set forth below, the Court respectfully recommends that Plaintiff's motion for default judgment should be **denied without prejudice,** and that Plaintiff should be granted thirty days to file an amended complaint that cures the deficiencies noted herein.

---

[1] All citations to documents filed on ECF are to the ECF document number and pagination in the ECF header unless otherwise noted.

I. **BACKGROUND**

A. **Factual Allegations**

The Complaint alleges the following facts, which are assumed to be true for the purposes of the motion for default judgment. *Bricklayers v. Allied Craftworkers Loc. 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187-190 (2d Cir. 2015).

At all relevant times, Defendants operated a security company that provided service to various residential and commercial properties in New York City at hundreds of job sites. (Compl., ECF No. 1 ¶ 8.) VEP was a domestic limited liability company organized under the laws of New York State with a principal place of business in Brooklyn, New York. (*Id.* ¶ 9.) Pyatetsky was the owner and partner of VEP. (*Id.* ¶ 10.)

From approximately July 2021 to April 2022, Defendants employed Plaintiff as a security professional at various locations around New York City, including supermarkets, nightclubs, a school, and a clothing store. (*Id.* ¶ 25.) Plaintiff alleges that she[2] worked various schedules for five to six days per week, for a total of 40 to 64 hours per week. (*Id.* ¶ 26.) Defendants paid Plaintiff $18.00 per hour for the entirety of the employment. (*Id.* ¶ 27.) Plaintiff was not always paid the overtime premium of one-and-one-half times her regular rate of pay for hours worked in excess of 40 hours per week. (*Id.* ¶ 28.) Plaintiff's pay did not vary even when she was required to stay later or work after the end of the scheduled shift. (*Id.* ¶ 29.) Defendants did not provide Plaintiff with notices of pay rates and provided inaccurate wage statements that did not reflect her hours worked or wages paid. (*Id.* ¶¶ 37–39.) Plaintiff worked at some locations that paid her in cash "off the books," and at those locations, Plaintiff

---

[2] The Complaint primarily refers to Plaintiff using "she/her" pronouns and occasionally refers to Plaintiff using "he/him" pronouns. The Court will refer to Plaintiff using "she/her" pronouns.

2

had eight hours off the books per week, which was unpaid overtime. (*Id.* ¶ 30.) Plaintiff further alleges that Defendants failed to provide her with accurate IRS W-2's, breached a contract with her, and unjustly enriched themselves at Plaintiff's expense. (*Id.* ¶¶ 31–33.)

### B.    Procedural History

Plaintiff initiated this action in July 2022. (Compl., ECF No. 1.)[3] Plaintiff served the summons and Complaint on VEP in July 2022 and on Pyatetsky in August 2022. (Affs. of Service, ECF Nos. 8–9.)

At Plaintiff's request, the Clerk of Court entered a certificate of default on October 21, 2022. (Entry of Default, ECF No. 12.) Plaintiff moved for default judgment on December 27, 2022. (*See generally* ECF No. 13.) Judge Vitaliano referred the motion for report and recommendation. (Dec. 28, 2022 Order.) Plaintiff withdrew that motion after the Court ordered Plaintiff to show cause why the motion should not be denied for failure to properly mail the motion papers to Defendants. (June 23, 2023 Order; ECF No. 17.) Plaintiff filed the instant motion on July 10, 2023, seeking damages, including unpaid wages, liquidated damages, and attorneys' fees.[4] (Pl. Mot., ECF No. 18.) Judge Vitaliano referred the second motion for report and recommendation. (July 11, 2023 Order.)

To date, Defendants still have not appeared in this case or responded to Plaintiff's complaint or motion.

---

[3] The Complaint is styled as a purported FLSA collective action under 29 U.S.C. § 216(b) and class action pursuant to Federal Rule of Civil Procedure 23, but Plaintiff seeks a default judgment only on her own behalf.

[4] In this motion, Plaintiff does not mention or seek damages or other relief for the unjust enrichment and breach of contract claims. These claims and any related damages are therefore waived.

3

## II.      DISCUSSION

### A.      Default Judgment Standard

Rule 55 of the Federal Rules of Civil Procedure dictates a two-step process for a party to obtain a default judgment.  Fed. R. Civ. P. 55(a)-(b); *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005); *Nam v. Ichiba Inc.*, No. 19-CV-1222 (KAM), 2021 WL 878743, at *2 (E.D.N.Y Mar. 9, 2021).  *First*, when a party uses an affidavit or other proof to show that a party has "failed to plead or otherwise defend" against an action, the clerk shall enter a default.  Fed. R. Civ. P. 55(a).  If a claim is for "a sum certain or a sum that can be made certain by computation," the clerk can enter judgment.  Fed. R. Civ. P. 55(b)(1).  *Second*, and "[i]n all other cases, the party must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2); *Victoriano Gonzalez v. Victoria G's Pizzeria LLC*, No. 19-CV-6996 (DLI)(RER), 2021 WL 6065744, at *5 (E.D.N.Y. Dec. 22, 2021).  To "enter or effectuate judgment" the Court is empowered to "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."  Fed. R. Civ. P. 55(b)(2).

The decision to grant or deny a default motion is "left to the sound discretion of a district court."  *Shah v. New York State Dep't of Civ. Serv.*, 168 F.3d 610, 615 (2d Cir. 1999) (cleaned up).  The Court must draw all reasonable inferences in favor of the movant.  *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).  However, "a default . . . only establishes a defendant's liability if those allegations are sufficient to state a cause of action against the defendant."  *Double Green Produce, Inc. v. F. Supermarket Inc.*, 387 F. Supp. 3d 260, 265 (E.D.N.Y. 2019) (quoting *Taizhou Zhongneng Imp. & Exp. Co., Ltd. v. Koutsobinas*, 509 F. App'x 54, 56 (2d Cir. 2013)).

4

As discussed below, the Complaint fails to state an FLSA cause of action because it fails to plead that Plaintiff is an individual engaged in commerce or that VEP is an enterprise engaged in commerce. Plaintiff's claim pursuant to 26 U.S.C. § 7434(a) also fails because the Complaint does not plausibly allege facts to support a violation of the statute. As a result, the Court's discretionary exercise of supplemental jurisdiction over Plaintiff's state law claims is not warranted. Instead, Plaintiff should be granted leave to amend the Complaint to correct the deficiencies identified herein.

B.  **FLSA Liability**

To establish a minimum wage or overtime claim under the FLSA, the "plaintiff must prove the following: (1) the defendant is an employer subject to [the] FLSA; (2) the plaintiff is an 'employee' within the meaning of [the] FLSA; and (3) the employment relationship is not exempted from the FLSA." *Payamps v. M & M Convenience Deli & Grocery Corp.*, No. 16-CV-4895 (LDH)(SJB), 2019 WL 8381264, at *6 (E.D.N.Y. Dec. 9, 2019) (cleaned up); 29 U.S.C. §§ 206(a), 207(a).

An employer includes, "any person [*e.g.*, an individual or a corporation] acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(a), (d). "For employees to be covered by the FLSA, they must show either that their employer was an enterprise engaged in interstate commerce or that their work as employees regularly involved them in interstate commerce." *Marine v. Vieja Quisqueya Rest. Corp.*, No. 20-CV-4671 (PKC)(RML), 2022 WL 17820084, at *3 (E.D.N.Y. Sept. 8, 2022), *adopted by* Order Adopting R. & R., *Marine v. Vieja Quisqueya Rest. Corp.*, No. 20-CV-4671 (PKC) (E.D.N.Y. Sept. 23, 2022); 29 U.S.C. §§ 206, 207. These two methods of establishing FLSA coverage are known as "enterprise coverage" and "individual coverage," respectively. *Sanchez v. Ms.*

5

*Wine Shop*, 643 F. Supp. 3d 355, 367 (E.D.N.Y. 2022).  To properly allege individual or enterprise coverage, a plaintiff needs to state the nature of their work and the nature of their employer's business with straightforward allegations connecting that work to interstate commerce.  *Santacruz v. Blok Chocolatier LLC*, No. 19-CV-544 (EK)(SJB), 2021 WL 4341103, at *3 (E.D.N.Y. June 23, 2021), *adopted by* 2021 WL 4340963 (E.D.N.Y. Sept. 23, 2021).  Failure to properly plead either individual or enterprise coverage warrants denial of a motion for default judgment.  *Id.* at *5.

Here, Plaintiff does not plead individual coverage and fails to properly plead enterprise coverage, thus warranting a denial of the motion for default judgment.

  1. **Individual Coverage**

"Individual coverage under [the] FLSA can be established where the employee is engaged in commerce or produced goods in commerce."  *Alvarado v. J.A. Vasquez Landscaping Corp.*, No. 20-CV-4005 (MKB)(SJB), 2022 WL 17775252, at *2 (E.D.N.Y. Feb. 9, 2022).  "Employees are 'engaged in commerce' within the meaning of the [FLSA] when they are performing work involving or related to the movement of persons or things (whether tangibles or intangibles, and including information and intelligence) among several States or between any State and any place outside thereof."  29 C.F.R. § 779.103.  "As a basic rule, if the plaintiff did not have any contact with out-of-state customers or businesses, [s]he cannot be individually covered under the FLSA."  *Santacruz*, 2021 WL 4341103, at *4.  Further, "[a]n employee shall be deemed to have been engaged in the production of goods if such employee was employed in producing, manufacturing, mining, handling, transporting or in another manner working on such goods."  29 U.S.C. § 203(j).  "Typically, but not exclusively, employees engaged in interstate or foreign commerce include employees in distributing

6

industries, such as wholesaling or retailing, who sell, handle or otherwise work on goods moving in interstate commerce," "workers who order, receive, pack, ship, or keep records of such goods," "clerical and other workers who regularly use the mails, telephone or telegraph for interstate communication;" and "employees who regularly travel across State lines while working." 29 C.F.R. § 779.103.

Here, "[n]owhere in the Complaint [or the default motion papers] are there allegations that Plaintiff was engaged in commerce or the production of goods for commerce." *Oyenuga v. Presidential Sec. Servs. LLC,* No. 22-CV-4972 (DG)(RER), 2023 WL 7687237, at *3 (E.D.N.Y. Sept. 25, 2023).  The Complaint does not allege, even in a conclusory fashion, that Plaintiff was involved with the movement of materials among or between states or that she had any contact with any out-of-state customers or businesses.  The Complaint only states that "Plaintiff was hired by Defendants to work as a security professional" and "was stationed at various buildings" including supermarkets, nightclubs, a middle school, and a clothing company.  (*See* Compl., ECF No. 1 ¶ 25.)  Plaintiff thus fails to describe what her duties included, such as whether she helped pack or handle goods that were shipped or delivered outside of the State; regularly used the telephone or other means for interstate communication, or regularly traveled across state lines for or during her security guard shifts.  *See* 29 C.F.R. § 779.103.  Instead, Plaintiff's barebones allegations, "without any factual details addressing defendants' interstate activities, fail to establish that plaintiff was personally engaged in the production of goods for commerce." *Santacruz*, 2021 WL 4341103, at *4.

Accordingly, Plaintiff has failed to establish individual coverage under the FLSA.

### 2. Enterprise Coverage

An employer is an "enterprise engaged in commerce or in the production of goods for commerce" subject to the FLSA when the employer: (1) "has employees engaged in commerce or in the production of goods for commerce" or "has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and (2) has an "annual gross volume of sales made or business done . . . not less than $500,000[.]"  29 U.S.C. § 203(s)(1)(A)(i)–(ii); *Guanglei Jiao v. Shang Shang Qian Inc.*, No. 18-CIV-5624 (ARR)(VMS), 2020 WL 6370148, at *10 (E.D.N.Y. Aug. 11, 2020) ("*Guanglei I*"), *adopted by* 2020 WL 5105063 (E.D.N.Y. Aug. 31, 2020) ("*Guanglei II*").

"On default, a plaintiff's allegations are sufficient to subject a defendant to FLSA liability as long as one may reasonably infer that a business was an 'enterprise engaged in commerce.'" *Alvarado v. J.A Vasquez Landscaping Corp.*, No. 20-CV-4005 (HG)(SJB), 2023 WL 2542702, at *5 (E.D.N.Y. Feb. 14, 2023) (quoting *Fermin v. Las Delicias Peruanas Rest.*, 93 F. Supp. 3d 19, 32 (E.D.N.Y. 2015)), *adopted by* Order Adopting R. & R., *Alvarado v. J.A Vasquez Landscaping Corp.*, No. 20-CV-4005 (HG)(SJB) (E.D.N.Y. Mar. 16, 2023).  Here, however, the Complaint fails to assert sufficient facts regarding VEP's status as an enterprise engaged in interstate commerce.  Specifically, Plaintiff only asserts that "at all relevant times, Corporate Defendant had gross annual revenues in excess of $500,000.00" and that "Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce."  (Compl., ECF No. 1 ¶¶ 44, 46.)  These conclusory allegations are no more than a rote recitation of the statutory language.  Plaintiff fails to provide any additional factual information regarding the nature of the security services provided, any tools or implements used to perform those services, or how the services connect to interstate

8

commerce. In other words, Plaintiff's allegations fail to provide sufficient facts for the Court to reasonably infer that the security services Plaintiff performed or the nature of VEP's business qualify them as an enterprise engaged in interstate commerce and therefore subject to the FLSA's provisions.

Notably, "[t]his Court is not alone in finding it too attenuated to infer enterprise coverage based solely on the job description of security personnel." *Oyenuga*, 2023 WL 7687237, at *4 (internal quotation marks omitted) (collecting cases in which courts could or could not infer enterprise coverage if plaintiffs alleged specific facts about, *inter alia*, locations of protected entities, and tools and implements used to perform security guard duties); *see also Talmaci v. VEP Assocs. LLC*, No. 22-CV-5309 (CBA)(MMH), 2024 WL 1124834, at *4 (E.D.N.Y. Mar. 14, 2024) (recommending denial of default judgment against VEP and Pyatetsky where plaintiff also failed to plausibly allege enterprise coverage). Unlike a grocery store or a restaurant, security services and a security person do not necessarily have the requisite ties to interstate commerce. *Oyenuga*, 2023 WL 7687237 at *5. Here, while the Complaint states that Plaintiff was employed as a security professional at various locations, Plaintiff does not allege that VEP purchased or handled out-of-state supplies or that she or other VEP employees used materials that moved in interstate commerce. "If Plaintiff had asserted that [the Corporate Defendant] purchased or handled out of state supplies, then the pleading requirements would have been fulfilled." *Id.* at *4; *see also Jones v. E. Brooklyn Sec. Servs. Corp.*, No. 11-CV-1021 (JG)(SMG), 2012 WL 3235784, at *4 (E.D.N.Y. Aug. 7, 2012) (finding enterprise coverage for security company where plaintiff alleged that employees handled materials that moved through interstate commerce such as uniforms, walkie-talkies, and flashlights.)

9

In sum, Plaintiff has not adequately alleged that VEP is an enterprise subject to the FLSA. Accordingly, the Court respectfully recommends that the motion for default judgment should be denied as to Plaintiff's FLSA claims.

### C. 26 U.S.C. § 7434(a) Liability

Plaintiff also alleges that Defendants filed "fraudulent information" with the Internal Revenue Service, in violation of 26 U.S.C. § 7434. (*See* Compl., ECF No. 1 ¶ 31.) The statute states, in relevant part, that "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a). "'Information return' for purposes of the statute includes forms containing, for example, the total amount of wages paid to an employee," such as a W-2 or tax return. *Chen v. Shanghai Cafe Deluxe, Inc.*, No. 16-CV-4790 (VF), 2023 WL 2401376, at *10 (S.D.N.Y. Mar. 8, 2023) (citing, *inter alia*, 26 U.S.C. §§ 7434(f), 6724(d)(1)(A)(vii)); *see also* 26 U.S.C. § 6051(d), 26 C.F.R. § 1.6041-2. "The private right of action created by [Section 7434(a)] applies only '[i]f any person willfully files a fraudulent information return.'" *Leo v. Province Therapeutics, LLC*, No. 2:23-CV-5418 (NJC)(JMW), 2024 WL 456824, at *9 (E.D.N.Y. Feb. 6, 2024) (quoting *Osuagwu v. Home Point Fin. Corp.*, No. 22-1403, 2023 WL 3335315, at *2 (2d Cir. May 10, 2023) (summ. order), which quotes *Katzman v. Essex Waterfront Owners LLC*, 660 F.3d 565, 568 (2d Cir. 2011)). In other words, "[t]o state a claim under § 7434, 'a plaintiff must allege facts to support that: (1) the defendant issued an information return; (2) the information return was fraudulent; and (3) the defendant willfully issued the fraudulent information return.'" *Castro v. Hyper Structure Corp.*, No. 21-CV-1391 (ENV)(JRC), 2022

10

WL 2467242, at *8 (E.D.N.Y. Mar. 7, 2022) (citing *Munn v. APF Mgmt. Co., LLC*, No. 19-CV-10791, 2020 WL 7264471, at *4 (S.D.N.Y. Dec. 10, 2020)).

Here, Plaintiff fails to plausibly allege that Defendants violated 26 U.S.C. § 7434(a). Plaintiff alleges that "Defendants failed to provide Plaintiff . . . with accurate IRS Forms W-2 for all tax years" of her employment, and that "by failing to provide Plaintiff and Class Members with accurate IRS Forms W-2 for all of the tax years during which they were employed by Defendants and failing to properly record, account for, and report to the IRS all monies paid to Plaintiff . . . as wages," Defendants "filed fraudulent information returns with the IRS."  (Compl., ECF No. 1 ¶¶ 31, 64.)  However, "accepting [Plaintiff's] allegations as true, the allegations fail to state a claim for relief because they do not identify which defendant is alleged to have violated 26 U.S.C. § 7434." *Leo*, 2024 WL 456824, at *9.  Moreover, even if the allegations were specific to each defendant's role, they still would not show that Defendants willfully filed fraudulent returns with the IRS.  Indeed, the court in *Castro* rejected nearly verbatim allegations in a complaint filed by the same plaintiff's counsel as in this case:

> Plaintiffs allege that defendants "failed to provide Plaintiffs [ ] with accurate W-2 statements for each tax year during which they worked" and that "[b]y failing to provide Plaintiffs [ ] with accurate IRS Forms W-2 for all of the tax years during which they were employed by Defendants, and failing to properly record, account for, and report to the IRS all monies paid to Plaintiffs [ ] as compensation for all the work Plaintiffs [ ] performed during the course of their employment with Defendants, and failing to withhold amounts listed on W-2 forms as monies withheld" this demonstrates that "Defendants filed fraudulent information returns with the IRS."  Compl. ¶¶ 45, 78.
>
> As alleged, these facts leave the Court unclear as to whether plaintiffs received W-2 Forms at all, and plaintiffs seem to ask the Court to use defendants' alleged "fail[ure] to [ ] report to the IRS" as evidence that defendants willfully filed fraudulent returns with the IRS under 26 U.S.C. § 7434.  In light of this, as it stands, the Complaint sits in limbo and permits dual inferences that fraudulent information returns may or may not have been filed.

11

*Castro*, 2022 WL 2467242, at *9 (recommending denial of default judgment as to plaintiff's § 7434 claim). The Court agrees that Defendants' alleged failure to "properly record, account for, and report to the IRS" is insufficient to demonstrate Defendants' willful filing of fraudulent tax returns. *Cf. Rosario v. Fresh Smoothies LLC*, No. 20-CV-5831 (LJL), 2021 WL 5847633, at *6 (S.D.N.Y. Dec. 9, 2021) (subsequent history omitted) (granting default judgment for § 7434 claim where complaint alleged that defendants filed with the IRS W-2's reflecting only some of plaintiff's wages paid by check and not including wages paid by cash).

Accordingly, the Court respectfully recommends that default judgment should be denied as to this claim.

### D.   Remaining State Claims

Plaintiff invokes federal question jurisdiction pursuant to 28 U.S.C. § 1331 and the FLSA, 29 U.S.C. § 216(b), and supplemental jurisdiction for the NYLL claims. (Compl., ECF No. 1 ¶ 5.) Because Plaintiff failed to demonstrate an element of an FLSA claim and fails to plausibly allege liability under 26 U.S.C. § 7434(a), only the NYLL claims remain. "Whether to exercise supplemental jurisdiction under 28 U.S.C. § 1367 'is within the sound discretion of the district court.'" *Hosseini v. Miilkiina LLC*, No. 22-CV-01459 (LJL), 2023 WL 2136390, at *6 (S.D.N.Y. Feb. 21, 2023) (quoting *Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 117 (2d Cir. 2013)). "[A] court may decline to exercise supplemental jurisdiction over state law claims at the default judgment stage if it denies default judgment as to all federal claims—so long as doing so serves 'judicial economy, convenience, fairness and comity.'" *Guanglei II*, 2020 WL 5105063, at *3 (citing 28 U.S.C § 1367(c) ("district courts *may* decline to exercise supplemental jurisdiction") (emphasis added)).

"'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point towards declining to exercise jurisdiction over the remaining state law claims.'" *Singh v. Mowla*, No. 19-CV-4687 (PKC)(LB), 2022 WL 17820099, at *8 (E.D.N.Y. Sept. 30, 2022) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Such is the case here, where "[d]eclining to exercise supplemental jurisdiction at this stage just means [the Court chooses] not to decide the merits of [Plaintiff's] NYLL claims against the corporate defendant in this opinion to avoid '[n]eedless decisions of state law.'" *Yang v. Zhou's Yummy Rest., Inc.*, No. 19-CV-5203 (CBA)(SJB), 2023 WL 2347885, at *6 (E.D.N.Y. Mar. 3, 2023) (citing *Guanglei II*, 2020 WL 5105063, at *3 (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966))). "[I]f Plaintiff is able to adequately plead her claims . . . judicial economy will be better served by a decision that addresses both the federal and state claims." *Hosseini*, 2023 WL 2136390, at *7.

Accordingly, the Court respectfully recommends that the remaining state law claims should be dismissed without prejudice.

### III. CONCLUSION

For the foregoing reasons, the Court respectfully recommends that Plaintiff's second motion for default judgment at ECF No. 18 should be **denied without prejudice**. The Court further recommends that Plaintiff should be granted thirty days to file an amended complaint that cures the deficiencies noted herein.

A copy of this Report and Recommendation is being served on Plaintiff via ECF. The Clerk of Court is respectfully directed to mail a copy of this Report and Recommendation to Defendants at the following addresses forthwith: (1) VEP Associates LLC, 726 Gerald Court,

13

Brooklyn, New York 11235; and (2) Roman Pyatetsky, 2520 Batchelder Street, Apartment 8J, Brooklyn, New York 11235.

Within 14 days of service, any party may serve and file specific written objections to this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Any requests for an extension of time to file objections shall be directed to Judge Vitaliano. If a party fails to object timely to this Report and Recommendation, it waives any right to further judicial review of this decision. *See Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022).

**SO ORDERED.**

Brooklyn, New York
March 25, 2024

/s/Marcia M. Henry
MARCIA M. HENRY
United States Magistrate Judge

14